Arthur RASH and Shirley Rash, by Connie S. France,
Guardian Ad Litem *v.* The Honorable Daniel R. HUFFMAN

99-1062                                                     998 S.W.2d 420

Supreme Court of Arkansas
Opinion delivered September 16, 1999

*Connie S. France*, for petitioners.

No response.

PER CURIAM. The guardian ad litem, Connie S. France, for the two children in this matter, Arthur Rash, age 11, and Shirley Rash, age 10, has filed a petition for writ of certiorari and stay and a motion to expedite our consideration of that petition. The natural parents of the children, Jeff Rash and Deborah Rash, now Jackson, were divorced in 1997 in Carroll County. Deborah was awarded custody of the children and lives with her new husband, John Jackson, in Colorado. According to the petitioner, the children were visiting their natural father in Arkansas.

They made allegations that they feared for their safety if they were forced to return to the home of Deborah and John Jackson. On July 19, 1999, the chancellor placed them in the custody of the Department of Human Services.

On July 20, 1999, after a hearing with all parties present or represented, the chancellor ordered the return of the children to Colorado conditioned on the Arkansas DHS satisfying itself that the children will be safe upon their return to Colorado and that the return is in the best interests of the children.

On September 10, 1999, the chancellor entered an order without a prior hearing conducted with parties present or represented. That order stated that the Arkansas DHS, after consulting with the Colorado DHS, had assured him that the children would be safe in Colorado and that allegations of harm or danger in the Colorado home were unsubstantiated. He ordered that the children be picked up for their return to Colorado on September 11 or 12, 1999.

In a petition for emergency custody filed September 13, 1999, in Carroll County Chancery Court, Ms. France contends that the conveyance of the information about the children's safety by the Carroll County DHS supervisor to the chancellor was by an *ex parte* communication and without the knowledge of the DHS case worker assigned to the case or the DHS attorney or the petitioner.

■ The motion to expedite consideration of this matter is granted. We stay the chancellor's September 10, 1999 order and grant the parties twenty days to respond to the guardian's petition. This stay does not bar the chancellor from conducting a hearing on this matter with all parties present.